**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3927-19

BOARD OF EDUCATION OF
THE DELAWARE VALLEY
REGIONAL HIGH SCHOOL
DISTRICT, HUNTERDON
COUNTY,

      Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE HUNTERDON COUNTY
VOCATIONAL SCHOOL
DISTRICT, HUNTERDON
COUNTY and BOARD OF
EDUCATION OF THE NORTH
HUNTERDON-VOORHEES
REGIONAL HIGH SCHOOL
DISTRICT, HUNTERDON
COUNTY,

      Respondents-Respondents.

_____

Argued October 20, 2021 – Decided December 13, 2021

Before Judges Fuentes, Gooden Brown, and Gummer.

On appeal from the New Jersey Commissioner of Education, Docket No. 191-8/19.

Robert D. Lorfink argued the cause for appellant (Fogarty & Hara, attorneys; Stephen R. Fogarty, of counsel and on the briefs; Robert D. Lorfink, on the briefs).

Howard A. Vex argued the cause for respondent Board of Education of the Hunterdon County Vocational School District, Hunterdon County (Vex Law, LLC, attorneys; Howard A. Vex, of counsel and on the brief).

Riker Danzig Scherer Hyland & Perretti, LLC, attorneys for respondent Board of Education of the North Hunterdon-Voorhees Regional High School District, Hunterdon County (Teresa L. Moore, of counsel and on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent Commissioner of Education (Amna T. Toor, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

The Hunterdon County Board of Education of the Delaware Valley Regional High School District (Delaware Valley Board) appeals from the June 8, 2020 final agency decision of the Commissioner of Education (Commissioner) adopting the initial decision of the administrative law judge (ALJ) and dismissing Delaware Valley Board's petition. Delaware Valley Board sought a declaratory ruling that it was exempted from the requirements of

2

A-3927-19

N.J.S.A. 18A:54-20.1(a) and, therefore, not obligated to pay tuition and transportation costs for its students to attend the Biomedical Sciences Academy (BSA), a school operated by the Board of Education of the Hunterdon County Vocational School District (HCVSD). We affirm.

The facts are undisputed. The BSA is one of six county vocational schools approved by the Department of Education (Department) and administered by HCVSD in Hunterdon County. The BSA offers a four-year, full-time curriculum consisting of both Career and Technical Education (CTE) programs as well as non-CTE academic and other required courses. The BSA does not operate on an HCVSD campus; instead, it utilizes leased classroom space at North Hunterdon High School, a school in the North Hunterdon-Voorhees Regional High School District. Students attending the BSA take classes provided either directly by HCVSD or pursuant to a contract between HCVSD and North Hunterdon-Voorhees Regional High School District.

Delaware Valley Regional High School (DVRHS), the school administered by Delaware Valley Board, was recently approved by the Department to operate a CTE program in biomedical sciences. DVRHS's biomedical sciences CTE program was assigned the same Classification of

3 <span>A-3927-19</span>

Instructional Programs (CIP) code[1] as the BSA's. However, DVRHS is not an approved vocational school, and Delaware Valley Board has not applied for such approval with the Department. Students who reside within the Delaware Valley Regional High School District may apply to attend the BSA, and if accepted, Delaware Valley Board is statutorily obligated under N.J.S.A. 18A:54-20.1(a) to pay the students' tuition and transportation costs unless an exemption applies.

Delaware Valley Board petitioned the Commissioner for a declaratory ruling that either (1) it was not obligated to pay for students to attend the BSA because the BSA is not a county vocational school; or (2) it was exempt from statutory payment obligations because it also operates a vocational school based on its approved CTE program. The Commissioner transmitted the matter to the Office of Administrative Law (OAL) for a hearing.

Based on the submissions of the parties, the ALJ determined there were no material facts in dispute and the matter was ripe for summary decision. See N.J.A.C. 1:1-12.5(b) (explaining summary decision is appropriate if "there is no genuine issue as to any material fact challenged and . . . the moving party is

---

[1] CIP refers to "the taxonomic scheme that supports the accurate tracking, assessment, and reporting of fields of study and program completion activity. CIP was originally developed by the U.S. Department of Education's National Center for Education Statistics . . . ." N.J.A.C. 6A:19-1.2.

A-3927-19

entitled to prevail as a matter of law"). The ALJ posited the two issues to be determined were (1) whether the approval for a CTE program is equivalent to approval for a vocational school and thereby relieves Delaware Valley Board from the statutory obligation to pay for students to go to the BSA; and (2) whether the location of the BSA at a regional high school disqualified it from receiving students and tuition from Delaware Valley Board. The ALJ concluded Delaware Valley Board was obligated to pay for its students to attend the BSA in accordance with N.J.S.A. 18A:54-20.1(a) because the statute required boards of education situated in counties with county vocational schools to send their students "to any of the schools of the county vocational district" where the students have been accepted and "pay tuition for each of these pupils to the county vocational school district."

The ALJ explained that contrary to Delaware Valley Board's argument, the plain language of the statute did not distinguish county vocational schools located on county vocational school district "main campus[es]" from those based elsewhere, "nor can such an interpretation be implied by . . . case law or statutory intent." Instead, the ALJ stressed the BSA was "specifically approved" by the Department as "a separate and distinct" county vocational school operated by the HCVSD and "duly authorized under the relevant statutes and regulations."

A-3927-19

Furthermore, the ALJ pointed out that the BSA "has a separate school code, [its] classes are hosted by HCVSD, attending students receive their diploma from HCVSD, and those students are counted on roll with the HCVSD by the [Department]." Consequently, according to the ALJ, Delaware Valley Board could not avoid its tuition payment obligations simply because the BSA is housed at another regional high school and operates out of a non-HCVSD facility.

The ALJ also rejected Delaware Valley Board's contention that N.J.S.A. 18A:38-15, which gives a local school board discretion to pay the tuition of a resident student wishing to take a course of study at another high school if the home district does not offer the course of study, supported its position. The ALJ noted the discretionary obligation delineated in N.J.S.A. 18A:38-15 is not mirrored in N.J.S.A. 18A:54-20.1(a) and Delaware Valley Board's analogy was misplaced.

Furthermore, the ALJ observed N.J.S.A. 18A:54-20.1(a) exempts only boards of education operating Department-approved vocational schools within their districts from the tuition payment obligation and dismissed Delaware Valley Board's argument that it was exempt because it administered an approved CTE program identical to the program offered by the BSA. While Delaware

6

Valley Board and the BSA maintained CTE programs with identical CIP codes, the ALJ emphasized "[t]he [Department's] approval of a career and technical education program . . . is not the equivalent to the [Department's] approval of a school district operating a vocational school" and "[h]aving a CTE approved program is not the equivalent of operating a vocational school." The ALJ also highlighted that Delaware Valley Board had not even sought Department approval to operate a vocational school. Additionally, the ALJ determined that Department regulations prohibit boards of education from identifying their high schools as vocational schools if those schools were only approved to offer CTE programs.

As a result, on April 24, 2020, the ALJ issued an initial decision dismissing Delaware Valley Board's petition. The Commissioner subsequently adopted the ALJ's initial decision as the final decision and underscored that Delaware Valley Board "does not fall into the exception outlined in N.J.S.A. 18A:54-20.1(a) because it does not operate a vocational school since it has never applied or been approved to do so." This appeal followed.

On appeal, Delaware Valley Board renews the arguments rejected by the ALJ and the Commissioner, contending the Commissioner erroneously concluded the BSA is an independent county vocational school within the

7

meaning of N.J.S.A. 18A:54-20.1(a) since the BSA's students receive most of their instruction from North Hunterdon High School teachers. Further, Delaware Valley Board argues the Commissioner's determination that it does not operate a vocational school is arbitrary and capricious given that its CTE program is identical to the program offered at the BSA, which the Department recognizes as a vocational school. Delaware Valley Board also contends the Commissioner's refusal to recognize its CTE program as a vocational school contradicts legislative intent.

Our standard of review of agency decisions is limited. "We will not overturn an agency determination unless it is arbitrary, capricious, or unreasonable," and "[t]he party challenging the agency action has the burden" to make that showing. In re Renewal Application of TEAM Acad. Charter Sch., 247 N.J. 46, 73 (2021). Moreover, "[t]he deferential standard that governs administrative appeals 'is consistent with "the strong presumption of reasonableness that an appellate court must accord an administrative agency's exercise of statutorily delegated responsibility"'" and "'recognizes the "agency's expertise and superior knowledge of a particular field."'" Id. at 74 (quoting In re Att'y Gen. L. Enf't Directive Nos. 2020-5 & 2020-6, 246 N.J. 462, 489 (2021)).

Thus,

> the judicial role [in reviewing an agency action] is generally restricted to three inquiries: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385 (2013) (alteration in original) (quoting Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995)).]

"[G]enerally, when construing language of a statutory scheme, deference is given to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme." Acoli v. N.J. State Parole Bd., 224 N.J. 213, 229 (2016). Thus, "[w]e will defer to an agency's interpretation of both a statute and implementing regulation, within the sphere of the agency's authority, unless the interpretation is 'plainly unreasonable.'" In re Election L. Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010) (quoting Reilly v. AAA Mid-Atl. Ins. Co. of N.J., 194 N.J. 474, 485 (2008)).

A-3927-19

We therefore begin our analysis by examining the language of N.J.S.A. 18A:54-20.1(a), which requires district and regional boards of education to pay for their students to attend county vocational schools unless those boards already maintain Department-approved vocational schools. Specifically, N.J.S.A. 18A:54-20.1(a) reads:

> The board of education of each school district or regional school district in any county in which there is a county vocational school district shall send to any of the schools of the county vocational school district each pupil who resides in the school district or regional school district and who has applied for admission to and has been accepted for attendance at any of the schools of the county vocational school district. The board of education shall pay tuition for each of these pupils to the county vocational school district pursuant to subsection c. of this section. The provisions of this section shall not apply to the board of education of a school district or regional school district maintaining a vocational school or schools pursuant to article 2 of chapter 54 of Title 18A of the New Jersey Statutes.

The Legislature did not define what constitutes a county, regional, or district vocational school. That task was left to the Department. See N.J.S.A. 18A:54-21 ("The state board shall prescribe rules for the organization, management and control of [county vocational schools]."); N.J.S.A. 18A:54-6 (declaring the Commissioner must approve the location, management rules, and courses of study of all district and regional vocational schools). While

Department regulations do not specify what is or is not a vocational school, the regulations make clear that boards of education cannot label their schools and programs "career and technical" or "vocational-technical" without Department approval. N.J.A.C. 6A:19-2.1(c).

Although the BSA relies upon North Hunterdon High School resources and personnel to deliver instruction to its students pursuant to contract, the Department recognizes the BSA as an independent county vocational school. Contrary to Delaware Valley Board's reading of the governing statutes, nothing in N.J.S.A. 18A:54-21 discussing the organization of county vocational schools suggests such school partnerships are impermissible. Furthermore, as noted by the ALJ, N.J.S.A. 18A:54-20.1(a) requires boards of education to send their students to "any of the schools of the county vocational school district," and adds no qualifiers or requirements regarding the location or organizational structure of those schools. Accordingly, it was not arbitrary, capricious, or unreasonable for the Commissioner to approve the BSA as a county vocational school within the meaning of N.J.S.A. 18A:54-20.1(a).

Likewise, it was not arbitrary, capricious, or unreasonable for the Commissioner to conclude Delaware Valley Board does not operate a vocational school. The relevant Department regulations consistently differentiate the terms

school, program, and program of study.  See, e.g., N.J.A.C. 6A:19-2.1.  Thus, approval to administer a CTE program is not the equivalent of approval to operate a vocational school.  As the ALJ aptly noted, Delaware Valley Board "does not have an approved 'school[,]' . . . only . . . an approved 'program.'" Delaware Valley Board asserts that contrary to legislative intent, current Department regulations do not provide a mechanism for a regional board of education to obtain approval to operate a vocational school.  However, Delaware Valley Board has not sought the Commissioner's approval to operate a vocational school as authorized by statute; it only requested authorization to offer a CTE program, which was approved.

N.J.S.A. 18A:54-5 declares that district and regional school boards "may establish and maintain vocational schools," and N.J.S.A. 18A:54-6 conditions the establishment of district and regional vocational schools on Commissioner approval.  Consequently, on this record, we have no basis for concluding Delaware Valley Board operates a vocational school or that the Commissioner denied it the opportunity to establish a vocational school contrary to legislative intent.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12